River Downs Racing Association, Inc. v. Commissioner.
River Downs Racing Assn., Inc. v. Commissioner
Docket No. 111684.
United States Tax Court
1943 Tax Ct. Memo LEXIS 267; 2 T.C.M. (CCH) 212; T.C.M. (RIA) 43269; June 7, 1943
*267 A. N. Jappe, Esq., for the petitioner. Thomas F. Callahan, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: The Commissioner determined a deficiency of $3,229.52 in 1938 income tax by disallowing a deduction taken for depreciation. All the facts are stipulated. The petitioner was incorporated in Ohio September 1, 1936, to operate River Downs Race Track near Cincinnati. In 1938, it was so engaged. It filed its return for 1938 in the First District of Ohio. Its books of account and income tax returns were on an accrual method. The taxpayer was the lessee of the racetrack property for a twelve year term beginning January 1, 1937 at an annual rent of $15,000 payable quarterly. The lessee was obligated to maintain the property in good repair and condition and to surrender the premises with any improvements thereon to the lessor at the end of the term. In event of damage by casualty, the lessee was obligated to make such repair or restoration as could be made in 90 days. By reason of a disastrous flood in January, 1937, great damage was done to the property. Petitioner borrowed $119,834.49 and expended it as cost of rehabilitating the property. This it amortized *268 over the remaining period of the term of the lease. The Commissioner disallowed the deduction, and it is stipulated that if petitioner is entitled to any deduction for depreciation on the basis of $119,834.49 the correct amount of such deduction is $10,504.97. It is clear that the petitioner, lessee for a fixed term, made an investment in property. To petitioner the useful life of the property would be exhausted at the end of petitioner's possession under the lease. To it the investment is to be recovered by amortization over the life of the lease. This is what the petitioner claims. The determination is reversed and, since the amount is stipulated, the deduction of $10,504.97 should be allowed in the recommendation. I. G. Zumwalt, 25 B.T.A. 566, 575. See Treasury Regulations 101, article 23(a)-10. The Commissioner argues that the petitioner is in the position of one who has sustained a loss by casualty: from this the reasoning is that the loss is deductible at the time of the casualty and that the amount of the deduction is the amount which was expended to replace the lost property. But the petitioner is not claiming a loss by casualty, and the stipulation *269 is not directed to the support of such a deduction. If such a deduction were the subject of consideration, there might be need to decide whether the loss were measured by the amount of the cost of the new property or by the original cost of the property lost, probably incurred by the lessor or an earlier owner. The Commissioner argues upon the proposition that the petitioner incurred the cost of the restored property because it was required to do so by the lease. But this apparently was not so. So far as the evidence shows, the petitioner voluntarily erected the new property for use by it during the term and leaving it for the owner when the term expired. Decision will be entered under Rule 50.